IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES HEAD, et al.                :
                                  :
v.                                : CIVIL NO. L-00-241
                                  :
HOMER WELSH, et al.               :

ORDER

### I. Plaintiffs' Motion to Remand

Plaintiffs have filed a motion to remand this case to the Circuit Court for Cecil County, Maryland. The motion to remand is hereby DENIED.

Plaintiffs' complaint does not specifically reference any federal statute conferring jurisdiction on this Court. Nonetheless, it is clear that Count V of the Complaint (asserting "Violation of State and Federal Civil Rights") arises under 42 U.S.C. § 1983. Plaintiff James Eric Head alleges that Officer Homer Welsh used excessive force (a gunshot) when arresting him. Plaintiff Kristy Conklin alleges that the police violated her civil rights by requiring her to remain in a state of semi-undress. Accordingly, the federal claim is removable, as are the related state law claims. See 28 U.S.C. § 1441.

Contrary to the plaintiffs' assertions, a case that has been removed to federal court as arising under a federal law may not be remanded to state court under a forum non conveniens argument. The plaintiffs' motion to remand is thus without merit.

**B. Defendants' Motion to Dismiss**

On February 2, 2000, defendants filed a motion to dismiss certain claims. Plaintiffs have failed to respond. If plaintiffs wish to oppose the motion, their response is due by March 24th, with Mr. Karp's reply being due on April 3rd.

**C. Scheduling**

I enclose a scheduling order. Discovery shall begin immediately.

In this district, bifurcation is a common procedure in police civil rights cases. See Marryshow v. Town of Bladensburg, 139 F.R.D. 318 (D. Md. 1991); Jones v. Ziegler, 894 F.Supp. 880, 883 (D. Md. 1995). In cases where the liability of an individual officer is a prerequisite to a finding of municipal liability, the Court may stay the proceedings against the municipality pending the determination of individual liability. I am contemplating bifurcating this case, so that the claims against Officer Welsh would be litigated fully before determining whether liability should be imposed on the municipal defendants.

The parties are to inform me by April 3, 2000 whether they consent to bifurcation of this case.

IT IS SO ORDERED this 15 day of March, 2000.

Benson Everett Legg
United States District Judge