UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

May 1, 2000

MEMORANDUM TO COUNSEL RE:   James Head, et al. v.
Homer Welsh, et al.
Civil #L-00-241

Dear Counsel:

I am in receipt of Mr. Robinson's letter of April 25th concerning discovery. If you want to amend the scheduling order you must (i) consult Mr. Karp, and (ii) submit a proposed revised schedule for me to review. The proposed revised schedule must address all of the dates in the scheduling order and be in an outline form that is easy to read. Choose dates that realistic and that you can meet so that scheduling is not a moving target.

The scheduling order deadline may not be adjusted informally among counsel. Proposed changes must be submitted for approval.

Very truly yours,

Benson Everett Legg

c:   Court file



LAW OFFICES OF
# Stuart Jay Robinson
24 E. PENNSYLVANIA AVENUE
BEL AIR, MARYLAND 21014

(410) 879-5050
FAX (410) 893-3669

ALSO MEMBER OF D.C. BAR

April 25, 2000

The Honorable Benson E. Legg
U. S. District Court for the District of Maryland
U.S. Courthouse
101 W. Lombard St., Rm. 340
Baltimore, Maryland  21201

       RE: James Head et al., vs. Homer Welsh, et al.
          Civil No. L-00-241
          Informal request for Modification of
          Scheduling Order of March 16, 2000

Dear Judge Legg:

  I am in receipt of a letter from Counsel Daniel Karp, Esq., in which he graciously extended time for this office to answer Discovery. Additionally, discovery will be sent to Mr. Karp by our clients. This week I am anticipating the information that will allow discovery to be mailed.

  As you know from earlier correspondence, I have been involved in a very complex Civil RICO case, *Solo Cup vs. Peters Pallets*, Case JFM 97-2997, Judge Motz presiding that was scheduled to commence today with a long range of two weeks leaving four days per week with Fridays off to allow Counsel time back to the office.

  Due to the Passover Holiday, I was out of the office last Thursday and Friday morning as well as this week on Wednesday and Thursday. (The *Solo vs. Pallets* trial had it gone forward, would have proceeded in the afternoon upon my return from services).

  I am sure we will be able to work out the scheduling mutually since our current scheduling date of June 15, 2000 will not be possible due to Counsel's prior commitment.

  Along these lines by way of this letter, I am requesting the Court to allow Counsel reasonably amend the scheduling order deadlines as we are progressing forward with matters.

Page Two

Aside from the conference with Magistrate Gesner on June 15, 2000, which will now be rescheduled, I would also ask this court to amend its scheduling order. In particular, a modification by the plaintiff, relating to joinder and amendment of pleadings to be extended, beyond the May 1, 2000 deadline. This will allow both sides to have the opportunity to review each other initial responses to interrogatories and production of documents, respectively.

The Rule 26(a)(2) disclosures, re: experts will in part be addressed and the respective answers to discovery requested by each of us. There may be the need for additional 26(a)(2) material to be supplemented as a result of discovery including depositions.

Finally, it is anticipated that Counsel will continue to be working to complete discovery as close to the July 28, 2000 date as possible.

On Tuesday April 18, 2000 conference call and the death of one of the co defendants the trial had to be rescheduled in September 2000. The reason for this explanation is that the scheduling order was issued on March 16, 2000.

I would therefore request this court to consider adjustments to its original Scheduling Order based on this information.

Please feel free to verify this information with the Honorable Judge Grimm, and Chief Judge Motz of the United States District Court.

Thank you for cooperation in this matter.

Sincerely,

Stuart Jay Robinson, Esq.

SJR:lw
Cc:  Daniel Karp, Esq.
     Clients