IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES HEAD, et al.            :
                              :
v.                            :    CIVIL NO. L-00-241
                              :
HOMER WELSH, et al.           :

MEMORANDUM AND ORDER

Before the Court is the defendants' Motion to Dismiss. For the following reasons, the Court will GRANT in part and DENY in part the motion and bifurcate the case.

This lawsuit arises out of incidents surrounding the arrest of Plaintiff James Head. Mr. Head was allegedly shot during his arrest by Officer Homer Welsh. Plaintiff Kristy Conklin was present during the incident, and alleges that she was harassed by police officers subsequent to the shooting. The plaintiffs have brought a nine count complaint against Officer Welsh, Police Chief Darrell Hamilton of the Town of North East, Maryland, and the Mayor and Town Commissioners of North East. The complaint charges: (i) civil assault and battery; (ii) intentional infliction of emotional distress on behalf of Mr. Head; (iii) general negligence and gross negligence against Officer Welsh; (iv) negligence and negligent entrustment against Chief Hamilton; (v) violation of Mr. Head's state and federal civil rights; (vi) intentional infliction of emotional distress on behalf of Ms.

Conklin; (vii) violation of Ms. Conklin's state and federal civil rights; (viii) civil conspiracy pertaining to the investigation of the incident; (ix) negligence and negligent entrustment against the Mayor and Town Commissioners of North East, Maryland. Defendants have moved to dismiss all counts except counts I and V by James Head against Officer Welsh.

In this district, bifurcation is a common procedure in police civil rights cases. See Marryshow v. Town of Bladensburg, 139 F.R.D. 318 (D. Md. 1991); Jones v. Ziegler, 894 F. Supp. 880, 883 (D. Md. 1995). In cases where the liability of an individual officer is a prerequisite to a finding of municipal liability, the Court may stay the proceedings against the municipality pending the determination of individual liability. The Court finds this to be the appropriate course in this case. Accordingly, the present case shall be bifurcated. Until further notice, this case shall proceed solely on the question of the liability of the individual defendants. Although discovery will be stayed as to the municipal defendants (Chief Hamilton in his official capacity and the Town of North East), they shall be expected to respond to discovery requests propounded to them relating to the individual liability of the officers.

Turning to the defendants' motion to dismiss, the Court notes that several of the claims are brought against the "North East Police Department." The plaintiffs have not named the "North East Police Department" as a defendant in their complaint, and the defendants assert there is no such entity. The Court will therefore dismiss all counts against the North East Police Department. The plaintiffs will have leave to amend their complaint to name the correct law enforcement agency, if appropriate.

Counts II and VI (intentional infliction of emotional distress) are sufficiently pleaded against the individual defendants to survive a motion to dismiss, although the Court notes that in Maryland the scope of the tort of intentional infliction of emotional distress is very narrow. See, e.g., Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby, 326 Md. 663, 607 A.2d 8 (1992). Claims of intentional infliction of emotional distress against the municipal defendants need not be addressed during the first phase of litigation. The Court will therefore deny the defendants' motion to dismiss counts II and VI as to the individual defendants, and deny without prejudice the defendants' motion to dismiss counts II and VI as to the municipal defendants.

Count III charges Officer Welsh with general negligence and gross negligence. Although under Maryland law public officials are generally immune from tort liability, this immunity does not apply if the officer acts with malice. See, e.g, Williams v. Prince George's County, 112 Md. App. 526, 550 (1996). The Court finds that the facts as pleaded by the plaintiffs establish malice sufficient to survive a motion to dismiss.

Count IV alleges negligence and negligent entrustment by Chief Hamilton and the "North East Police Department." As explained above, Chief Hamilton can only be liable if the plaintiffs establish that he acted with malice. There is nothing in the plaintiffs' pleadings to support an allegation of malice against Chief Hamilton. The Court will therefore grant the motion to dismiss Count IV as to Chief Hamilton.

Count VII asserts a violation of Plaintiff Conklin's state and federal civil rights. Conklin charges that unnamed officers returned to her home after the shooting to conduct an investigation. While there, Conklin alleges that the officers destroyed her property and verbally abused her. Conklin does not allege that either Officer Welsh or Chief Hamilton were personally involved in these actions. Because the charges appear

to be directed against other, unnamed defendants, Count VII will be dismissed.

Count VIII charges a civil conspiracy against unspecified defendants, alleging that they failed to disclose the shooting of Mr. Head within the agency, which in turn necessitated an investigation by the Maryland State Police. "A civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." Green v. Washington Suburban Sanitary Comm'n, 259 Md. 206, 221 (1970). Here, the plaintiffs have not alleged what illegal acts the unspecified defendants conspired to commit or what unlawful means they used. The Court will therefore dismiss Count VIII.

Count IX charges the Mayor and Town of North East with negligence and negligent entrustment. The plaintiffs allege that the municipal defendants failed to train and supervise police personnel adequately. This claim as pleaded cannot survive because under Maryland law a municipal corporation such as North East is immune from state tort liability in the exercise of its

governmental functions. See Liberty Mut. Ins. Co. v. Washington Suburban Sanitary Comm'n, 284 Md. 503, 508 (1979).

### Summary

For the reasons stated above, the Court hereby ORDERS that:

(i) the case is to be bifurcated. Until further notice, the case will proceed solely on the question of the liability of the individual defendant, namely Officer Welsh. Discovery will be stayed as to Police Chief Hamilton in his official capacity and the Town of North East. Chief Hamilton and the Town shall be expected, however, to respond to discovery requests propounded to them relating to the liability of Officer Welsh;

(ii) the defendants' Motion to Dismiss is GRANTED in part and DENIED in part as follows:

(a) any claims against the "North East Police Department" are dismissed without prejudice;

(b) Counts IV, VII, VIII, and IX are dismissed;

(c) all other counts remain in the case, without prejudice to defendants' ability to revisit their arguments at summary judgment;

(iii)   the plaintiffs have leave to amend their complaint as set forth above within thirty (30) days from the date of this Memorandum and Order.

IT IS SO ORDERED this 4TH day of May, 2000.

_____
Benson Everett Legg
United States District Judge